**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| PATRICK L. KROOK, | ) | No. 19 B 2216 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CHAD A. GROOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 A 982 |
| | ) | |
| PATRICK L. KROOK, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

**MEMORANDUM OPINION**

Before the court for ruling is the motion of defendant Patrick Krook to dismiss the three-count adversary complaint of plaintiff Chad Groom. The complaint alleges that Krook, through his company, Show Your Auto, LLC, agreed to act as broker for Groom's purchase of a classic 1970s "muscle car." Groom paid Krook for the car. But Krook had never contacted the seller and so never delivered the car. He also never returned Groom's money. Groom objects to the dischargeability of Krook's debt.

For the reasons below, Krook's motion to dismiss the complaint will be denied.

**1. Jurisdiction**

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## 2. Background

On a Rule 12(b)(6) motion, all well-pleaded allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the non-movant. *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 454 (7th Cir. 2020). Exhibits attached to the complaint are also considered, as are matters subject to judicial notice. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

The complaint and exhibits allege the following facts. Groom is a resident of Missouri. Krook lives in Lake Villa, Illinois, and is an automobile sales broker. Krook did business through an Illinois limited liability company, Show Your Auto, LLC. He was Show Your Auto's sole member as well as its manager.[1]

In August 2018, Groom found a 1970 Dodge Challenger listed for sale on the website classiccars.com. The price was $99,950. Groom asked about the car through the website and received a call from Krook that same day. Krook told Groom he was the broker for the car's owner and had authority to act as the owner's agent.

After negotiations, Groom and Krook reached an agreement for the sale of the car. The seller would make several cosmetic repairs, and Groom would pay $96,750.[2]

In December 2018, Krook sent Groom an email telling him to wire $86,750 (the purchase

---

[1] The complaint describes Krook as Show Your Auto's "sole owner" – or "member." *See* 805 ILCS 180/1-5 (2018). The Illinois Secretary of State's website shows that Krook was also its manager. The court can take judicial notice of information on government websites. *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003).

[2] The complaint raises more questions than it answers about the date of the agreement and the sale price. Groom alleges that he reached an agreement with Krook after "months of negotiating." (Compl. ¶ 11-1). (After paragraph 12, the complaint's numbering starts over with paragraph 9.) But Groom first contacted Krook on August 28, 2018, and Krook's invoice to Groom is dated September 18, 2018, only two weeks later. (Compl. Ex. A). The invoice also lists the sale price as $86,750 (*id.*), and Groom alleges that sum as the debt he wants declared nondischargeable, not the $96,750 he says he paid Krook.

price minus Groom's initial $10,000 deposit) to Show Your Auto.  Once the seller made the repairs, Krook would release the funds to him, and the seller would release the car for transport.  Krook added that he would obtain the title from the seller.

Groom wired the money, but Krook never delivered the car because he never paid the seller.  In fact, the seller knew nothing of the proposed sale until later when Groom contacted him.

In January 2019, Krook filed a chapter 7 bankruptcy case.  Groom then began this adversary proceeding, filing a three-count complaint alleging that Krook's debt to him is nondischargeable.  Count I is a claim under section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), that the debt is one for money obtained by fraud.  Count II is a claim under section 523(a)(4), 11 U.S.C. § 523(a)(4), that the debt resulted from embezzlement.  Count III is a claim under section 523(a)(6), 11 U.S.C. § 523(a)(6), that the debt is for a willful and malicious injury.

Krook has moved to dismiss all three counts for failure to state a claim.  Groom opposes the motion.

### 3.  Discussion

Krook's motion will be denied.  All three counts of the complaint state plausible nondischargeability claims.

#### a.  Rule 12(b)(6) Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must clear "two easy-to-clear hurdles."  *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).  First, the complaint must describe the claim in enough detail to give the defendant fair

notice of its nature. *Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Second, the claim must be "plausible on its face," *id.*, at 570, meaning the plaintiff's right to relief must rise above a "speculative level," *id.* at 555; *see also Cornielsen*, 916 F.3d at 598. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009); *see also Lewis v. City of Chi.*, 914 F.3d 472, 475 (7th Cir. 2019).

### b. Personal Liability

Before the substance of Groom's claims can be discussed, a threshold issue must be addressed. Krook contends that the funds Groom wired to Show Your Auto were "the funds of Show Your Auto," not Krook. (Mot. at 6). In Krook's view, then, any debt to Groom is not Krook's but "that of the corporation, Show Your Auto, LLC." (*Id.* at 2).

Krook is mistaken. Although he did business through his limited liability company, he can be held personally liable to Groom. It is well established in Illinois that a business corporation's officer who participates actively in the corporation's torts is subject to personal liability. *See Bank of Commerce & Trust Co. v. Strauss (In re Strauss)*, 523 B.R. 614, 632 (Bankr. N.D. Ill. 2014). The same principle applies to limited liability companies. In 2019, the General Assembly amended the Illinois Limited Liability Company Act to provide that "a member or manager of a limited liability company may be liable under law other than this Act for its own wrongful acts or omissions, even when acting or purporting to act on behalf of a

limited liability company." 805 ILCS 180/10-10(a-5).[3/] Although the General Assembly enacted the amendment after the events alleged here, its intention was to "clarify . . . existing law," not change it. *Id.* Clarifying amendments apply retroactively. *United States ex rel. Garbe v. Kmart Corp.*, 824 F.3d 632, 642 (7th Cir. 2016); *People v. Ramsey*, 192 Ill. 2d 154, 167, 735 N.E.2d 533, 540 (2000).

Groom alleges that Krook participated in Show Your Auto's tortious conduct. That is enough to make Krook personally liable to Groom and the debt potentially nondischargeable in Krook's bankruptcy case.

### c. Count I – False Representation

So to the claims themselves. Count I alleges a plausible claim under section 523(a)(2)(A) that Krook fraudulently induced Groom to pay him $97,650 for a car Krook had no intention of delivering.

Section 523(a)(2)(A) of the Code excepts from discharge "any debt . . . for money . . . to the extent obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Although some courts suggest there is a single test for determining nondischargeability under section 523(a)(2)(A), that section in fact describes three separate grounds: false pretenses, false representation, and actual fraud. *City of Chi. v. Spielman (In re Spielman)*, 588 B.R. 198, 204 (Bankr. N.D. Ill. 2018); *Board of Educ. v. Monarrez (In re Monarrez)*, 588 B.R. 838, 858 (Bankr. N.D. Ill. 2018).

---

[3/] The amendment was meant to overturn *Dass v. Yale*, 3 N.E.2d 858, 865 (Ill. App. Ct. 1st Dist. 2013), which held that under section 10-10 of the Act an LLC's manager is not personally liable for fraud committed on the LLC's behalf. *See* 805 ILCS 180/10-10(a-5) (stating that "the purpose of this subsection . . . is to overrule the interpretation of subsections (a) and (d) in *Dass v. Yale*").

Count I is a claim for representational fraud. To state a representational fraud claim under section 523(a)(2)(A), a creditor must allege that (1) the debtor made a false representation he either knew was false or made with reckless disregard for its truth; (2) the debtor made the false representation with an intent to deceive or defraud; and (3) the creditor justifiably relied on the false representation. *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011); *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010); *Strauss*, 523 B.R. at 625.

Groom alleges each element. According to Groom, Krook represented that he was the seller's broker and could act as his agent. Krook also represented that if Groom would wire his company the remaining $86,750, he would obtain the car title from the seller, would have the seller make the agreed repairs, would release the payment to the seller, and would have the seller release the car for transport. Not one of these representations was true – and Krook knew it, because he never told the seller any of this. Instead, Krook fabricated the entire transaction to induce Groom to part with his money. That Krook never spoke to the seller suggests both that he knew his representations were false and that he intended to deceive Groom. And Groom justifiably relied on the representations, taken in by Krook's phone call in response to his website inquiry. No "cursory examination or investigation" would have revealed that Krook was making the whole thing up. *Field v. Mans*, 516 U.S. 59, 71 (1995) (internal quotation omitted).

Apart from his contention that the debt is purely corporate, Krook's only basis for urging dismissal is that Count I alleges false promises – false representations of future conduct – and those are not actionable.[4]

---

[4] Krook makes a passing reference to Rule 9(b), Fed. R. Civ. P. 9(b) (made applicable by Fed. R. Bankr. P. 7009), apparently intending to argue that Groom has not pled fraud with particularity. (Mot. at 2). But Krook never develops the argument. It is not the court's job to make parties' arguments for them. *Furry v. United States*, 712 F.3d 988, 994 n.1 (7th Cir. 2013). "Perfunctory and undeveloped arguments are waived." *M.G. Skinner & Assocs.*

Not so. Krook is right that a false representation must ordinarily relate to a "present or past fact." *Landmark Credit Union v. Sharp (In re Sharp)*, 561 B.R. 673, 680 (Bankr. N.D. Ill. 2016) (internal quotation omitted); *Berger Schatz, LLP v. Livermore (In re Livermore)*, Nos. 12 B 30720, 12 A 1689, 2013 WL 1316549, at *4 (Bankr. N.D. Ill. Apr. 3, 2013). He is also right that the false representations Count I alleges are mostly promises.[5] But a false promise will be actionable and so will support a section 523(a)(2)(A) claim if the debtor made the promise with no intention of keeping it. *Holtz v. JPMorgan Chase Bank, N.A.*, 846 F.3d 928, 932 (7th Cir. 2017) ("[M]aking a promise with intent not to keep it is fraud."); *Sullivan v. Ratz*, 551 B.R. 338, 345 (N.D. Ill. 2016). Groom's allegation that Krook never contacted the seller he purported to represent is enough to support an inference that he never had any intention of serving as broker or selling the car.

Because Count I alleges a plausible claim under section 523(a)(2)(A), Krook's motion to dismiss that count will be denied.

### d. Count II – Embezzlement

Krook's motion to dismiss Count II will also be denied. Count II alleges a plausible embezzlement claim under section 523(a)(4).

Section 523(a)(4) excepts from discharge debts for, among other things, "embezzlement." Embezzlement under section 523(a)(4) means the "fraudulent appropriation of property by a person to whom such property was entrusted or into whose hands it has lawfully come." *In re Weber*, 892 F.2d 534, 538 (7th Cir. 1989) (internal quotation omitted). An embezzlement claim

---

*Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017).

[5] Mostly, but not entirely. Krook's false representation that he was the broker for the car's seller and had authority to act as the seller's agent was a representation of present fact.

has two elements: (1) the debtor appropriated the creditor's property for the debtor's own benefit, and (2) the debtor acted with fraudulent intent or deceit. *Kontos v. Manevska (In re Manevska)*, 587 B.R. 517, 534 (Bankr. N.D. Ill. 2018); *Zamora v. Jacobs (In re Jacobs)*, 448 B.R. 453, 477 (Bankr. N.D. Ill. 2011). Fraudulent intent means simply the debtor's knowledge that he has no right to use the property. *FNA Grp., Inc. v. Arvanitis (In re Arvanitis)*, 523 B.R. 633, 639 (Bankr. N.D. Ill. 2015) (internal quotation omitted).

Count II pleads both elements. Groom alleges that he entrusted Krook with $96,750 on the belief that Krook was acting as broker for the seller of the car. Rather than forward the money to the seller, Krook made off with it, knowing he had no right to do so. "Using access that has been granted to funds to misappropriate those funds constitutes embezzlement." *Manevska*, 587 B.R. at 534.[6/]

Krook argues that Count II should be dismissed because "no specific facts are alleged." (Mot. at 4). But facts are alleged. Those facts support the inference that Krook appropriated Groom's money for his own benefit and did so with fraudulent intent. The only facts Krook asserts are missing are a "formal agreement . . . establishing an escrow" and a "statement as to what happened to the money." (*Id.* at 5). But Krook cites no authority for the proposition that

---

[6/] Groom suggests that Count II also states a claim under section 523(a)(4) for "larceny." (Resp. at 8); *see* 11 U.S.C. § 523(a)(4). He is mistaken. Larceny is "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." *Schaul v. Ludwig (In re Ludwig)*, 527 B.R. 614, 621 (Bankr. N.D. Ill. 2015). The difference between larceny and embezzlement lies in how the property came into the debtor's possession. "[E]mbezzled property comes into the debtor's hands lawfully, while larceny requires that the debtor obtain the property unlawfully." *Hebl v. Windeshausen*, 590 B.R. 871, 877-78 (W.D. Wis. 2018); *see also Manevska*, 587 B.R. at 535. Krook gained possession of Groom's money lawfully, in the sense that Groom willingly put the money in Krook's hands. Groom's claim concerns what Krook did with the money *after* it was in his hands. Had Krook used the money to pay the seller and then delivered the car, Groom would have no complaint.

-8-

someone commits embezzlement only if he misappropriates money in escrow, and there is none. Nor does he cite authority for the proposition that a creditor must allege with any specificity "what happened to the money." It was enough for Groom to allege that he entrusted Krook with the money, and Krook failed to pay the seller. The reasonable inference is that Krook kept Groom's money, using it for his own purposes. On a motion to dismiss, reasonable inferences are drawn in the plaintiff's favor. *Viamedia*, 951 F.3d at 454.

To support dismissal, Krook also relies on *Freer v. Beetler (In re Beetler)*, 368 B.R. 720 (Bankr. C.D. Ill. 2007), but the decision gives him no help. In *Beetler*, Freer delivered a tractor to Beetler to sell on consignment. *Id.* at 723. Beetler sold the tractor but failed to pay Freer her share of the sale proceeds. *Id.* at 724. Beetler later filed a bankruptcy case, and Freer brought an adversary proceeding alleging that Beetler's debt to her was nondischargeable. *Id.* After trial, the court rejected Freer's section 523(a)(4) embezzlement claim. *Id.* at 726. Because Beetler had sold the tractor in accordance with the consignment agreement, he could not have embezzled it. *Id.* And because section 2-401(2) of the Illinois Commercial Code, 810 ILCS 5/2-401(2), applied, the tractor – and the proceeds from its sale – belonged to Beetler. *Id.* at 727. "One cannot embezzle property that he lawfully owns." *Id.*

The circumstances here are not the same. As Krook admits (Mot. at 5), Groom was the buyer of the car, not the seller. As buyer, Groom delivered money to Krook to pay the seller, not goods for Krook to sell. The distinction is critical. Because Groom was the buyer providing funds to pay for goods rather than the seller providing goods to be sold, section 2-401 did not apply to his portion of the transaction. ICC section 2-401 concerns the passing of title to "goods," and the funds supplied as payment for goods are not themselves "goods." *See* 810 ILCS 5/2-105(1) (stating that "goods" do not include "the money in which the price is to be

Document Page 10 of 12

paid"). So the money Groom paid Krook belonged to Groom, not to Krook. *Beetler* might be relevant here had Groom been the seller of the car rather than the buyer. But as Krook concedes, he was not.

Because Count II alleges a plausible embezzlement claim under section 523(a)(4), Krook's motion to dismiss that count will also be denied.

### e. Count III – Willful and Malicious Injury

Finally, the motion will be denied as to Count III as well. Count III states a plausible claim under section 523(a)(6) of the Code.

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To state a claim under section 523(a)(6), a creditor must allege that (1) the debtor owes a debt resulting from an injury he caused to another entity or that entity's property; (2) his actions were willful; and (3) his actions were malicious. *Oakland Ridge Homeowners Ass'n v. Braverman (In re Braverman)*, 463 B.R. 115, 119 (Bankr. N.D. Ill. 2011). An act is "malicious" if it is done "in conscious disregard of one's duties or without just cause or excuse." *First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 775 (7th Cir. 2013). An act is "willful" if both the act itself and the resulting injury – "the consequences of [the] act" – are intended. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). In *Jendusa-Nicolai v. Larsen,* 677 F.3d 320 (7th Cir. 2012), the Seventh Circuit defined the two concepts together, holding that a willful and malicious injury "is one that the injurer inflicted knowing he had no legal justification and either desiring to inflict the injury or knowing it was highly likely to result from his act." *Id.* at 324.

As its language suggests, the statute excepts debts resulting from intentional torts. *Kawaauhau*, 523 U.S. at 58. Both fraud and embezzlement are intentional torts, and both will

-10-

support a section 523(a)(6) claim. And since Counts I and II state claims for fraud and embezzlement under sections 523(a)(2)(A) and (4), Count III necessarily states a claim under section 523(a)(6). Granted, Count III adds little or nothing to those claims, since the relief Groom requests in each instance is the same. But pleading multiple legal theories each of which would lead to the same relief is no basis for dismissal. *Chambers v. Chesapeake Appalachia, L.L.C.*, 359 F. Supp. 3d 268, 278 (M.D. Pa. 2019); *Zidek v. Analgesic Healthcare, Inc.*, No. 13 C 7742, 2014 WL 2566527, at *2 (N.D. Ill. June 6, 2014). A plaintiff need not plead legal theories in the first place. *Koger v. Dart*, 950 F.3d 971, 974 (7th Cir. 2020).

Krook disagrees. According to Krook, conduct that would make out a claim under sections 523(a)(2)(A) and (4) cannot make out a claim under section 523(a)(6). Those statutes, he says, are "[mutually] exclusive." (Mot. at 7).

Krook's position once held sway. Because a specific statute (like section 523(a)(2)(A)) controls over a general one (like section 523(a)(6)), and because one statute will generally not be read to render another superfluous, many decisions found the two Code sections "mutually exclusive." *Wachovia Secs., LLC v. Jahelka (In re Jahelka)*, 442 B.R. 663, 671 (Bankr. N.D. Ill. 2010) (citing cases); *see also Petti Murphy & Assocs. v. Eriksen (In re Eriksen)*, Nos. 11 B 28958, 11 A 2120, 2012 WL 3150325, at *7 (Bankr. N.D. Ill. Aug. 2, 2012); *Media House Prods., Inc. v. Amari (In re Amari)*, 483 B.R. 836, 853 (Bankr. N.D. Ill. 2012). These decisions found support in others like *Jendusa-Nicolai*, 677 F.3d at 322 (observing that "not all intentional torts are covered" in section 523(a)(6)), and *Berkson v. Gulevsky (In re Gulevsky)*, 362 F.3d 961, 963 (7th Cir. 2004) (declaring that "the subsections of § 523 should not be construed to make others superfluous").

No longer. In *Husky Int'l Elecs., Inc. v. Ritz*, ___ U.S. ___, 136 S. Ct. 1581 (2016), the

Court brushed aside an argument that interpreting "actual fraud" in section 523(a)(2)(A) to encompass fraudulent transfers would "render duplicative two other exceptions to discharge." *Id.* at \_\_\_, 136 S. Ct. at 1588. The Court acknowledged there was "overlap" but said that in section 523(a) "overlap appears inevitable." *Id.* Since *Husky*, courts have read the decision to reject the argument that a creditor cannot base claims under section 523(a)(6) and other subsections of section 523(a) on the same conduct. *See, e.g., Bryant v. Bryant (In re Bryant)*, Nos. 18-11348-t7, 18-1044-t, 2019 WL 2617472, at *4 (Bankr. D.N.M. 2019) (finding embezzlement claim fell under both sections 523(a)(4) and (a)(6)); *Bankers Healthcare Grp. v. Moss (In re Moss)*, 598 B.R. 508, 517 (Bankr. N.D. Ga. 2019) (stating that section 523(a)(6) claims "need not be distinct" from section 523(a)(2)(A) and (B) claims); *Yahalomey Paz Israel, G.P. v. Wolf (In re Wolf)*, 577 B.R. 327, 346 (Bankr. C.D. Cal. 2017). That Groom's section 523(a)(6) claim overlaps with his other claims, then, is not a reason to dismiss it.[7]

Because Count III states a plausible section 523(a)(6) claim, the motion to dismiss that count will be denied.

### 4. Conclusion

The motion of defendant Patrick Krook to dismiss the adversary complaint of plaintiff Chad Groom is denied. A separate order will be entered consistent with this opinion.

Dated: June 1, 2020

                                                 _/s/ A. Benjamin Goldgar_
                                                 A. Benjamin Goldgar
                                                 United States Bankruptcy Judge

---

[7] None of this means section 523(a)(6) is merely redundant. Section 523(a)(6) applies to some conduct that sections 523(a)(2)(A) and (4) do not. Had Krook punched Groom in the nose or burned down his house, for example, Groom would have a nondischargeability claim for Krook's willful and malicious injury to Groom's person or property but no nondischargeability claim for fraud or embezzlement.